# STATE OF MICHIGAN

# COURT OF APPEALS

DENISE CARREKER,

       Plaintiff-Appellant,

v

SETH BERRY GOLD AND ERICA TONYA
BANKS,

       Defendants-Appellees.

UNPUBLISHED
October 27, 2016

No. 328276
Oakland Circuit Court
LC No. 2014-138798-NI

Before: FORT HOOD, P.J., and GLEICHER and O'BRIEN, JJ.

O'BRIEN, J. (*dissenting*).

I respectfully dissent. My colleagues reverse the circuit court's determination that there was no genuine issue of material with respect to causation, concluding that "plaintiff . . . testified that she witnessed defendant driving recklessly" "in contrast to defendant's claim." To justify this conclusion, my colleagues explain that "it can be inferred from plaintiff's collective statements that defendant did not realize that traffic had slowed and was traveling too fast for the conditions" as well as that defendant failed to "l[eave] sufficient space between his and plaintiff's vehicle." In my opinion, even when I view the evidence in a light most favorable to plaintiff, *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999), I cannot agree that the record supports the conclusion reached by my colleagues.

On appeal, plaintiff claims that she testified "that she observed the Defendant Gold changing lanes and paying scant heed to traffic conditions" in direct contradiction to defendant's "own self-serving testimony that his vehicle only collided with the Plaintiff's because he was himself struck from behind." Plaintiff elaborates, arguing that "Gold did not realize that traffic had slowed and continued travelling at regular speed up until the moment that he struck the Plaintiff," that "Defendant violated MCL 257.627 by operating his vehicle in a manner that did not vouchsafe stoppage within 'the assured, clear distance ahead,' " that "[h]e equally violated MCL 257.402(a) by rear-ending the Plaintiff's vehicle," and that "Defendant Gold violated MCL 257.626b by operating his vehicle in a careless manner, as evidenced by his violation of the two former statutes." As indicated above, my colleagues adopt these arguments, concluding that "plaintiff . . . testified that she witnessed defendant driving recklessly" "in contrast to defendant's claim," that "it can be inferred from plaintiff's collective statements that defendant did not realize that traffic had slowed and was traveling too fast for the conditions," and that defendant did not "l[eave] sufficient space between his and plaintiff's vehicle."

In my view, defendant's argument and my colleagues' conclusion do not accurately reflect plaintiff's deposition testimony. Specifically, plaintiff testified as follows with respect to defendant's allegedly reckless driving:

*Q.* Do you recall the January 2012 car accident?

*A.* Yes.

\* \* \*

*Q.* Do you recall what lane of travel you were in?

*A.* I wasn't in a lane.

*Q.* Okay. Where were you?

*A.* I was up against the wall on the left-hand side.

\* \* \*

*Q.* Are you able to estimate or approximate how much time you spent on the shoulder?

*A.* Yeah, I was there for about -- well, because I was pulled and I stopped and my foot was still on the brake. I'd say I stood there for maybe ten seconds, you know, five, ten seconds or so, just sitting there waiting for traffic to clear up, because it was all -- nothing but red lights up there. And I don't like to be in traffic like that. So I would prefer to wait till traffic cleared. And to be up in the mix of a bunch of traffic, I don't like that.

*Q.* Okay. So while you were on the shoulder for 10 or 15 seconds, what happens next?

\* \* \*

*A.* What happened was, I was sitting -- traffic was real bad up front, so I said, "Well, I'm going to go over on the shoulder until traffic clears up a little bit." I was sitting on the shoulder waiting for traffic, and I just happened to look in my rearview mirror and I seen traffic still going fast, and they're not realizing that traffic has slowed up up front there. And the next thing I now Mr. Gold ran into the back of my car.

\* \* \*

*A.* Yes. I never -- the only person -- like I said, the only thing I ever saw was Seth Gold in my rearview mirror, that's it. That's all I know.

\* \* \*

-2-

*Q*. Okay. Well, do you recall, from your experience, since you were there and nobody else in the room here was, any other vehicles being involved in the crash?

*A*. *The only car that I know of being involved is the one behind me, Seth Gold.*[1]

*Q*. Mr. Gold's vehicle.

*A*. *That's it. That's all I know. Anything past his car I cannot see. I don't know of anything else. I don't know.*

*Q*. Okay. Well, while you were at the scene and you spoke with -- well, you had some contact with Mr. Gold and you wrote down his license plate.

While you were out of your vehicle on the scene, did you see any other vehicles that appeared to have been involved in a crash?

*A*. I seen a young lady and she was sitting in her car. And she got out of the car to come talk to Mr. Gold. He didn't want to be bothered with her either. And then she went back to her car. Because, like I say, along the freeway, I guess by him being whoever he is, people were stopping, slowing down, shaking his hand. So I don't know whose car was in nothing. I don't know. All I know is him, because I don't know if these other people was there. Actually, they could have been stopping just, "Hey Mr." -- I don't know who they were.

But I seen a young lady get out of her car and I'm assuming her name is Erica.

*Q*. Okay. Why do you assume that?

*A*. Because through all of these depositions and everything, he's saying she hit him and made him hit me. That's what they're saying. *I don't know what happened. All I know is he hit me.*

*Q*. *Okay. But from your personal knowledge, just so we understand your testimony correctly, you don't recall anyone being involved in this impact aside from Mr. Gold?*

---

[1] To avoid confusion, I feel it is necessary to point out that, despite her testimony that defendant's car was "[t]he only car that [she] kn[e]w of being involved," plaintiff also sued and eventually settled with Erica Tonya Banks, who was the driver of the vehicle that rear-ended defendant. Specifically, Banks testified as follows: "I just remember getting hit from behind and then my car rear-ended the car that was in front of me, and then that car hit the car in front of them."

*A*.  *Yes.*

\* \* \*

*Q*.  Okay.  At the time of the accident, you said you just happened to be looking in your review mirror; is that right?

*A*.  Yes.

*Q*.  And you saw Mr. Gold's vehicle coming and collide with your vehicle.

*A*.  Yes.  Mr. Gold was in the middle lane, then he got over to the third lane, then he got over to the wall.

*Q*.  So you saw him --

*A*.  Yes.

*Q*.  -- do all of this.

*A*.  Yes.  Yes.  I was looking out my rearview mirror, because I was sitting against up the walk and I was already afraid they had accidents up here and I was looking back to make sure there's no accidents coming in behind me, and I seen him getting over.  I was like, "I hope he don't hit me," and he ran right into the back of me.

Because the lane -- the third lane had slowed down, so when he was getting over here to the third lane, they had slowed down, so he had to get over or he was going to run into the back of somebody else.

\* \* \*

*Q*.  Other than Mr. Gold's vehicle hitting yours, did you hear any other sounds that would indicate there were any other collisions?

*A*.  No.[2]

It is this testimony that plaintiff and my colleagues rely on to support a conclusion that there is a genuine issue of material fact as to whether defendant was driving recklessly, as to whether defendant was speeding, as to whether defendant did not leave sufficient distance between his and plaintiff's vehicle, and as to whether another vehicle struck defendant's vehicle. I cannot agree with this conclusion based on the record before me.  Plaintiff's testimony is clear—she does not know whether anyone else was involved in the accident at issue.  As the circuit court correctly recognized, plaintiff has not presented any evidence, including her own

---

[2] Emphasis added.

-4-

deposition testimony, refuting defendant's testimony that defendant's vehicle struck plaintiff's vehicle as a result of being struck by a third vehicle. Furthermore, she never testified that defendant was driving recklessly, that defendant was speeding, that defendant did not leave sufficient distance between his and plaintiff's vehicle, or that no other vehicles struck defendant's vehicle. Thus, while I agree that plaintiff's testimony must be viewed in a light most favorable to her, *Maiden*, 461 Mich at 120, I do not agree that this favorable light allows us to infer testimony that simply does not exist. Accordingly, I would affirm the circuit court's order granting defendant's motion for summary disposition.


/s/ Colleen A. O'Brien